(31 Misc. Rep. 397.)

## KOEZLY v. KOEZLY et al.

(Supreme Court, Special Term, New York County. May, 1900.)

1. WILLS—DEVISE—POWER OF SALE—PRICE—INCUMBRANCE.

Where a husband devised a house to his wife on condition that, if she did not desire to care for it, she might sell it for "not less than $28,000 beyond incumbrances," the proceeds to be kept as a trust fund, and the interest thereon distributed annually to the widow and the testator's children, a $13,000 mortgage on the house, which was the principal incumbrance, cannot be excluded, in fixing a minimum price for which the widow may sell the house, since the term "incumbrance" has a definite and fixed meaning, which includes mortgages.

2. SAME—EQUITABLE CONVERSION.

Where a testator devised a house to his wife, with power to sell it if she should not desire to care for it, it did not work an equitable conversion of the property into personalty, since the power of sale was merely discretionary.

3. SAME—DOWER—ELECTION.

Where a husband devised a house to his wife, who was to keep the building in repair during her life, and rent it, except a flat, which she was to have free of rent, and she was to receive one-third of the net income from the house, and she accepted the devise, she will be deemed to have received it in lieu of dower.

4. TRUSTS—DEATH OF CESTUI QUE TRUST—LAPSE OF LEGACY.

Where a will created a trust fund, which was not to be distributed until the death of the testator's widow, the share of one of the cestuis que trustent, who died before the testator's widow, fell into the residuary estate, since such cestui que trust did not take a vested interest therein.

5. WILLS—VESTING OF LEGACY.

Where a will bequeathed $300 to the wife of one of the testator's children if she should be alive at the death of her husband, her right to the legacy became fixed at her husband's death; and, she having died before distribution under the will, her share went to her personal representative.

Action by Christiane M. Koezly against Edwin H. Koezly and others for an accounting, for the construction of a will, and for a direction as to the distribution of the trust estate.

Peck & Field (Edward S. Peck and R. H. Johnson, of counsel), for plaintiff.

Appell & Reid (Charles B. Reid, of counsel), for defendant Koezly.

L. A. Noble, for defendant Van Leuven.

R. D. Elder, for infant defendants.

LAWRENCE, J. This action is brought for an accounting for moneys paid out by plaintiff as executrix of Frederick J. Koezly; also, for the construction of the will of said Frederick J. Koezly, and for a direction as to the manner in which a certain trust fund shall be created and disposed of. Plaintiff also asks in her complaint that the will may be so construed as to authorize and empower the plaintiff to sell real estate belonging to the testator, and that her right of dower, in addition to the provisions for her benefit mentioned in the will, may be determined. The action was commenced on the 10th of March, 1898. The testator died September 22, 1896, and left, him surviving, his widow and several children. He was married three times, and there was issue of each marriage at the date of his death. There survived him Edwin Koezly and Matilda J. Bennett, a son and daughter by his second marriage; also Doretta Koezly, daughter of Theodore Koezly, a son by the first marriage, Theodore being dead at the time of the decease of the testator; and Samuel, also a son by the first marriage. Samuel was alive and married at the date of the death of the testator, and left no issue, but did leave a wife, who remarried; and the defendants Geiger and Van Leuven claim to represent whatever interest she may have had in the estate. Said Anna Geiger has been appointed administratrix with the will annexed of the widow of Samuel Koezly, she and Van Leuven being children of the said widow by a first marriage.

1. The fifth clause of the will is as follows:

"If my said wife does not desire to care for the house as aforesaid, the same may be sold by her, as my executrix, but for a sum not less than twenty-eight thousand (28,000) dollars beyond incumbrances; and the proceeds, representing the equity in the said house, shall be kept as a trust fund, and the interest thereof shall be distributed semiannually to my said wife and my said children, at the rate hereinabove named, during the life of my said wife."

It is claimed by the plaintiff that a mortgage of $13,000, to which the premises No. 20 East 111th street were subject at the time of the testator's death, should not be included in the word "incumbrances," used in the fifth paragraph of the will. This contention I regard as erroneous. In Chrystie v. Phyfe, 19 N. Y. 348, Strong, J., says:

"In the construction and application of wills, and especially of those containing complicated provisions, the following are reasonable and well-settled rules: The intentions of the testator shall prevail if they are consistent with each other and conformable to the principles of law. The language used shall receive its ordinary interpretation, except where some other is necessarily or clearly indicated," etc.

The word "incumbrances" has a fixed and definite meaning, and it must be supposed that the testator intended to give it its usual signification. In Prescott v. Trueman, 4 Mass. 630, the court say:

"On these principles, we are of the opinion that every right to the interest in the land granted, to the diminution of the value of the land, but consistent with the passage of the fee of it by the conveyance, must be deemed, in law, an incumbrance."

In Forster v. Scott, 136 N. Y. 582, 32 N. E. 976, the same definition is given, in substance, and it is also added that "any right existing in another to use the land, or whereby the use by the owner is restricted, is an incumbrance, within the legal meaning of the term." See, also, Wetmore v. Bruce, 118 N. Y. 319, 23 N. E. 303.

As the term "incumbrances" has a fixed and definite meaning, unless we can discover from other provisions of the will that the testator did not intend to use it in its ordinary sense, it cannot be allotted another meaning. Notwithstanding the elaborate argument of plaintiff's counsel, I confess myself unable to discover such an intention on the part of the testator. He knew perfectly well that the property was incumbered with a $13,000 mortgage, and that that was, and necessarily would be, the chief incumbrance upon it, compared with which taxes and water rents and other charges would be insignificant; and he spoke advisedly when he required that the sale should be for a specific sum beyond the amount of the mortgage. Nor can I yield assent to the argument that because giving to the words, "but for a sum not less than twenty-eight thousand (28,000) dollars beyond incumbrances," would require a sale of the property for the sum of $41,000,—an amount said to be far exceeding the value of the premises,—it must be held that the sale was to be made for the sum of $28,000, including the mortgage; in other words, for the sum of $15,000 over and above the mortgage. I am confirmed in this view from the fact that the testator appears to have thoroughly understood the meaning of the word "equity," as used in the fifth paragraph of the will. His language is:

"The same may be sold by her, as my executrix, but for a sum not less than twenty-eight thousand (28.000) dollars beyond incumbrances; and the proceeds, representing the equity in said house, shall be kept as a trust fund, and the interest thereof shall be distributed semiannually to my said wife and my said children, at the rate hereinabove named, during the life of my said wife."

There is no ambiguity here, and, even if the testator had an exaggerated idea of the fee value of the property, we cannot on that account make a new will for him. It is, in my opinion, clear from the language which he employed that the testator intended that the property, if sold, should produce, as the proceeds of the equity, the sum of at least $28,000.

2. Nor do I think that there was an equitable conversion of real property into personalty by the terms of the fifth paragraph of the will. A devise of real estate to executors, with power to sell, but without directing the sale, does not effect a conversion of the real into personal estate. Harris v. Clark, 7 N. Y. 242. A merely discretionary power of sale does not work an equitable conversion of real

into personal property. White v. Howard, 46 N. Y. 144. And the provisions of a will must be at least of such character as to leave no doubt of testator's intent to have his real estate converted into personalty, in order to sustain the theory of equitable conversion. Hobson v. Hale, 95 N. Y. 588; Underwood v. Curtis, 127 N. Y. 532, 28 N. E. 585. In this case there is, as I read it, nothing in the will to indicate that it was the testator's intention that there should be an equitable conversion of the realty. By the second clause of the will he gives to his wife, if she so desires, the right to keep the house No. 20 East 111th street, "to live in and to rent out and keep it in good repair, during her life"; and he further provides "that she shall be entitled to keep any flat therein she may prefer, free of rent, during her said life." By the fourth clause he directs with great particularity how the net income from the house (except the flat occupied by his wife), up to the sum of $1,000, shall be distributed in each year. He then proceeds to direct that, if his wife does not desire to care for the house, she may sell the same, as executrix, in the manner hereinbefore referred to. I regard the power of sale as purely discretionary, as working no equitable conversion, and as only permitting said sale to be made for the sum of $28,000 "beyond incumbrances" in case his wife elects to sell.

3. The provisions contained in the will in favor of the wife should be construed as having been intended by the testator to be in lieu of her dower. In re Zahrt, 94 N. Y. 605; Tobias v. Ketchum, 32 N. Y. 319; Vernon v. Vernon, 53 N. Y. 351. In Re Zahrt, the will, after directing payment of debts, funeral expenses, etc., gave to the wife, during her life, "the rents, income, interest, use, and occupancy of all the estate, real and personal, upon condition that she keep the buildings and personal property insured, pay all taxes and assessments, and keep said estate in good repair." The court held that the provision was inconsistent with the assertion of a dower right, and so must be construed as in lieu of dower, and that, the widow having accepted the provisions so made, she could not thereafter claim dower. Here the widow is to rent out and keep the building in good repair during her life, by which an income shall be realized for her benefit and for that of the testator's children. She is also given a flat to live in, rent free, and is to distribute annually the net income as directed by the fourth clause of the will. The plaintiff here gets also one-third of the net income out of the first $1,000 to be distributed in each year. These provisions I regard as inconsistent with an intention on the part of the testator that his wife should also have dower in the realty. The plaintiff in this case, having lived in the house and occupied a flat continuously since the death of the testator, should be deemed to have made her election to accept the provisions contained in the will in lieu of dower. Sullivan v. McCann (Sup.) 2 N. Y. Supp. 193.

4. As the trust fund created by the fifth clause of the will was not to be distributed, under the seventh clause thereof, until the death of the plaintiff, the testator's son Samuel did not take a vested interest therein; and, as he has died before the plaintiff, his share falls

into the residuary estate. See In re Baer, 147 N. Y. 348, 41 N. E. 702, and cases cited at page 354, 147 N. Y., and page 702, 41 N. E.

5. As the $300 given to the widow of Samuel was by the sixth clause of the will to be paid to her "if then alive" (that is, at the time of Samuel's death), her right to that sum became fixed, and goes to her personal representatives.

6. Inasmuch as it appears that the plaintiff has on hand only the sum of $356.09 to be distributed, the further questions raised by counsel need not be discussed. There will be judgment accordingly, with directions for an accounting to be brought down to date. All questions as to costs are reserved until settlement of decision and judgment. Judgment accordingly.