GEM MUSIC CORP., et al., Suing on Behalf of Themselves and All Other Members of the American Society of Composers, Authors and Publishers, Similarly Situated, *v.* DEEMS TAYLOR, as President of the American Society of Composers, Authors and Publishers, an Unincorporated Association of More Than Seven Persons, et al., Defendants, and A B C MUSIC CORPORATION et al., Appellants.

Argued January 2, 1945; decided March 1, 1945.

*Louis D. Frohlich, Herbert P. Jacoby, Samuel Jesse Buzzell, Francis Gilbert, Austin C. Keough, Jr., and R. W. Perkins* for Broadway Music Corporation and others, appellants.  I. Section 11 of article III, of the articles of association of ASCAP does not impose vicarious liability upon the corporate defendants for the acts of the individual defendants.  (*Chase* v. *Vanderbilt et al.,* 62 N. Y. 307; *Kalmanash* v. *Smith,* 291 N. Y. 142.)  II. The complaint fails to set forth facts sufficient to constitute a cause of action against the individual defendants for which the corporate defendants might be held vicariously liable.  (*Burke* v. *Rector, etc.,* 64 Misc. 380; *Lafond et al.* v. *Deems et al.,* 81 N. Y. 507; *Havens* v. *Dodge,* 221 App. Div. 475, 250 N. Y. 617; *Cavanagh* v. *Hutcheson,* 140 Misc. 178, 236 App. Div. 794; *Gerdes* v. *Reynolds,* 281 N. Y. 180; *Weinberger* v. *Quinn,* 264 App. Div. 405, 290 N. Y. 635; *Rous* v. *Carlisle,* 261 App. Div. 432; *Oshrin* v. *Celanèse Corporation of America,* 291 N. Y. 170; *Davis* v. *Cohn,* 260 App. Div. 624; *Simon* v. *Socony-Vacuum Oil Co., Inc.,* 179 Misc. 202, 267 App. Div. 890; *Kalmanash* v. *Smith,* 291 N. Y. 142.)

*Leopold Bleich* and *Julian T. Abeles* for Leo Feist, Inc., and others, appellants. I. The articles of association having conferred upon the directors the powers of executive representatives of the society, their alleged acts in such capacity could not have been perpetrated as agents of the corporate defendants. (*Fells* v. *Katz,* 256 N. Y. 67.) II. The relationship of the directors to the society dispels any agency relationship between the directors as such and the corporate defendants. (*Hoyt* v. *Thompson's Executor,* 19 N. Y. 207; *Beveridge* v. *N. Y. E. R. Co.,* 112 N. Y. 1; *People ex rel. Manice* v. *Powell,* 201 N. Y. 194; *Manson* v. *Curtis,* 223 N. Y. 313; *People* v. *Mancuso,* 255 N. Y. 463; *Pollitz* v. *Wabash R. R. Co.,* 207 N. Y. 113; *McQuade* v. *Stoneham,* 263 N. Y. 323.) III. The corporate defendants cannot be held accountable for any acts of directors perpetrated as the executive representatives of the society, merely because such individuals are the representatives of such members in their relationship with the society. (*Bienenstok* v. *Ammidown,* 155 N. Y. 47; *Davis* v. *Patrick,* 122 U. S. 138.)

*M. Theodore Chester* and *Andrew D. Weinberger* for respondents. I. Facts sufficient to constitute a cause of action against the corporate defendants are alleged. (*Booth* v. *Farmers' and Mechanics' N. Bank,* 50 N. Y. 396; *Friedman* v. *New York Telephone Co.,* 256 N. Y. 392; *Ford* v. *Grand Union Co.,* 268 N. Y. 243.) II. Facts sufficient to constitute a cause of action against the individual defendants are alleged. (*Guttmann* v. *Conda Co., Inc.,* 249 App. Div. 621; *Brennan* v. *Barnes,* 133 Misc. 340; *Jones* v. *Van Heusen Charles Co.,* 230 App. Div. 694; *Rodier* v. *Huddell,* 232 App. Div. 531; *Irwin* v. *Possehl,* 143 Misc. 855; *People ex rel. Deverell* v. *Musical Mutual Protective Union,* 118 N. Y. 101; *Matter of Brown,* 34 Misc. 556.) III. The relationship between plaintiffs and defendants in and of itself establishes a right in plaintiffs to an accounting. (*Haight* v. *Haight & Freese Co.,* 112 App. Div. 475, 190 N. Y. 540; *Glass* v. *Springfield L. I. Cemetery Society,* 252 App. Div. 319; *Fur & Wool Trading Co., Ltd.* v. *Fox, Inc.,* 245 N. Y. 215; *Schantz* v. *Oakman,* 163 N. Y. 148; *Marston* v. *Gould,* 69 N. Y. 220; *New Yorkers Producing Corporation* v. *Moss,* 237 App. Div. 567; *Talmudic Literature Publishers, Inc.,* v. *Lewin,* 226 App. Div. 1; *Rhodes* v. *Little Falls Dairy Co., Inc.,* 230 App. Div. 571.)

LOUGHRAN, J. The plaintiffs sue on behalf of the American Society of Composers, Authors and Publishers, an unincorporated association. In the record and in the briefs this society is called " ASCAP " and we shall refer to it by that name. There are two aggregations of defendants — a group of individuals who at the times in question were directors of ASCAP and a group of corporations that were then included in the membership thereof.

By motion under rule 106, the defendants demanded dismissal of the complaint for insufficiency on its face. At Special Term the motion was granted as to the corporate defendants and in the case of the individual defendants was denied. Cross-appeals were taken to the Appellate Division where the complaint was upheld in its entirety and the corporate defendants were given leave to present to us, as they now do, the question whether the pleading states facts sufficient to constitute a cause of action against them.

In the first place, the complaint says: ASCAP is authorized by its members to license public performances of their musical works for profit and to make prescribed distribution of the net proceeds among the membership. The corporate defendants have been publisher-members of ASCAP for ten years. ASCAP is governed by articles of association which require its treasurer to render at each annual meeting an account of its financial condition and of all his transactions as treasurer. Though the treasurers of ASCAP from time to time have submitted such accounts to its board of directors, neither the board nor any of the individual defendants has ever made an accounting to the members of ASCAP for the reason that " the treasurers of ASCAP and the other individual defendants have planned, schemed and conspired to withhold from the members of ASCAP knowledge of the aforesaid accounts and reports of the assets, investments, income and disbursements of ASCAP, all in violation of the aforesaid Articles of Association and of their duties respectively as directors, officers and trustees ". These allegations, as the courts below have held, constitute a separate cause of action.

This first cause, it will be observed, does not assert that any of the corporate defendants participated in the alleged conspiracy or ratified that wrong or profited therefrom. Indeed this first cause does not even impute knowledge of the existence of such a conspiracy to any of the corporate defendants.

The only other cause of action charges the individual defendant-directors of ASCAP with waste of moneys collected by it for the plaintiffs; but this cause does not name any of the corporate defendants as a participator in the alleged misuse of such moneys. Nor is any corporate defendant charged with having subsequently assented thereto in any way.

The articles of association by which ASCAP was governed are annexed to and made part of the complaint. These articles were the law of ASCAP binding upon all its members. (*Ostrom* v. *Greene,* 161 N. Y. 353, 362.) Article III makes this provision: " Section 11. Each publisher member, if a copartnership, firm, association or corporation shall file with the secretary of the Society, from time to time, the name of a person who shall be deemed to be its representative in the Society for all purposes, and wherever in these Articles of Association there shall be reference to publisher members relating to election as directors, holding other office or serving in any other capacities, the same shall have reference to such representatives." Pursuant to that section — so the complaint goes on to say — each of the corporate defendants appointed one of the individual defendants as its representative on the board of directors of ASCAP and such appointments were in force on the occasions in issue. Whether these last allegations made the complaint valid as against the corporate defendants is the one and only question for decision.

The Appellate Division said: " By Section 11 of Article III each publisher member is required to appoint an individual ' who shall be deemed to be its representative in the Society for all purposes '. These provisions together with the other allegations of the complaint would seem to render the publisher corporation liable for the acts of its designated representative and to distinguish the present case from decisions relied on by the corporate defendants which hold that a stockholder ordinarily is not liable for the acts of directors who have been elected by him." (267 App. Div. 895, 896.)

We cannot accept that viewpoint. None of the corporate defendants had power to appoint a representative on the board of directors of ASCAP. On the contrary, under ASCAP's articles of association a director could be nominated only by a committee of the board and could be elected only by the general membership of ASCAP. Moreover, no director of ASCAP

derived any authority from any of the corporate defendants. On the contrary again, the power of complete management of ASCAP's affairs was vested in its directors by its articles of association. These articles are to be read in the light of the rule which limits the significance of general words in an instrument to the specific objects elsewhere set forth therein. (See *Sims* v. *U. S. Trust Co. of New York,* 103 N. Y. 472, 478; 1 Mechem on Agency [2d ed.], § 780.) So construed, the above phrase " for all purposes " has relation only to the ·proper pursuits of ASCAP as declared in its articles. In no possible view does that phrase appear to have been an authorization to any of the individual defendants to misappropriate moneys of ASCAP that were committed to their care as its directors.

The orders of the Appellate Division should be reversed and the orders of Special Term affirmed, with one bill of costs to the appellants in this court and in the Appellate Division. The question certified should be answered in the negative.

LEHMAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Ordered accordingly. ·