Joseph A. Cox, S.
In this proceeding to compel an account the parties have submitted for determination upon an agreed stipulation of facts several questions with reference to the claimants ’ claim for services rendered to the decedent. The questions to be determined appear to be as follows:
(1) The validity and value of the claimants’ claim for services pursuant to an agreement of retainer;
(2) The effect of the death of the decedent upon the alleged continuing obligation of the decedent’s estate to pay for such services;
(3) Whether the claim is an administration claim or a general claim and if it is a general claim, does it have priority over the claims of other general creditors Í
The facts briefly stated are these: Prior to the death of the decedent herein the said decedent and one Douglas Moore collaborated in writing an opera entitled ‘1 The Ballad of Baby Doe ”. The said decedent and his collaborator, Douglas Moore, retained the claimants herein as counsel and as negotiators for the sale, lease and license- of said opera and embodied the terms of such retainer in- a letter dated April 9, 1956 which was signed and approved by the decedent. Under the terms of the said retainer agreement the decedent agreed to pay to the claimants “10% of the net receipts of the proceeds of the opera whether from sale, lease, license, recording, publication or otherwise, * * On August 1, 1956 the decedent sent a letter to his literary agent which directed the literary agent to pay to the claimants 10% of the sums due to him (the decedent) “ out of all royalties or other moneys hereafter collected by you and payable to me in connection with the opera 1 The Ballad of Baby Doe ’ ”. The decedent’s estate has received through December, 1958 the sum of $7,846.67 as its share of the net royalties from the said opera “ The Ballad of Baby Doe ” and has paid no part of such sum to the claimants herein. The original administratrix in this matter did not reject the claim nor disaffirm the contract and in fact upon the filing of her account listed the sum due to the claimants as an unpaid administration expense. The successor administratrix seeks a determination as to whether she is bound by the contract and as to whether there is any continuing obligation on her part to pay 10% of the royalties collected from the said opera “ The Ballad of Baby Doe ”.
It would appear from the facts submitted that the attorney-claimants had substantially rendered to the decedent all services required of them and that as a result of the rendition of said services the decedent’s estate has received substantial *16 royalties. It further appears that the said attorneys continued to render services in connection with the opera even after the decedent’s death. To the extent that the services rendered prior to death have resulted in the receipt of royalties by the decedent’s estate, the claim is a valid one and must be sustained.
Although the death of the decedent terminated the relationship of attorney and client (Matter of Dunn, 205 N. Y. 398; Angelo v. Angelo, 282 App. Div. 981; Matter of Maratto, 145 N. Y. S. 2d 621), our courts have held that the attorney’s right to compensation will not be affected by the death of a client where it has become vested by substantial performance. (Matter of Levine, 247 App. Div. 19.) None of the fruits or avails of the attorneys’ services were received prior to the death of the decedent and in the opinion of this court the decedent’s death did not divest the claimants of their right to collect such amount as was due to them under the agreement of retainer as a result of the performance of their services. From the stipulation of facts submitted, it would appear, therefore, that the attorneys are entitled to receive 10% of the sum of $7,846.67 which was collected by the estate as its share of the royalties through December, 1958, or 10% of the amount collected as royalties by the estate which can be attributed to the attorneys ’ services rendered prior to death. The court also holds that the said attorneys have a lien against the royalty funds collected and to that extent have a priority over the claims of general creditors against this fund. The claim, however, is a general claim and not an administration claim.
The agreement of retainer itself contemplated the possibility that the decedent could discharge the claimants at any time. The significant words contained in the agreement of retainer in connection therewith are as follows: “For legal services rendered by my firm to the two of you in connection with your opera ‘ The Ballad of Baby Doe ’ and for any services you may hereafter call upon us to render in that connection, you agree to pay to us 10%. * * *. It is my hope that we shall continue to represent you in all negotiations of course.” (Emphasis added.) As the death of the decedent served as a severing of the agency and of the relationship of attorney and client (Matter of Dunn, supra; Matter of Maratto, supra), the estate representative has no continuing obligation under said retainer agreement. This case is unlike the cases cited by the claimants Where the court held 'that there was a continuing obligation to pay royalties. Royalties are a property right which attach.to and become part of a copyright and are payable during the entire term of a copyright. (April Productions v. G. Schirmer, *17 Inc., 308 N. Y. 366). Attorneys’ fees are payable only so long as the attorneys are authorized to act on behalf of the copyright owner and such authority may be ended and withdrawn at will. Proceed accordingly.