Joseph A. Cox, S.
In this proceeding to settle their account the executors have petitioned for construction of the decedent’s will with respect to the allocation and distribution of certain property which has been received by them as executors and trustees under the decedent’s will.
At the time of his death the decedent possessed the right to receive certain royalty payments from the American Society of Composers, Authors and Publishers, more generally known as AS CAP. The decedent’s right to receive such payments was derived from certain musical compositions composed by his father some years earlier, but the continued receipt of such payment is alleged to be tenuous and contingent because such royalties are subject to reclassification and even cancellation pursuant to the rules of AS CAP. This right to receive royalty payments was reported as having no value on the estate tax returns filed by the executors and this evaluation was accepted by both the Federal and State taxing authorities. Nevertheless, this asset has provided the major portion of the income received by the executors and trustees since the date of the decedent’s death.
There is no specific reference to this asset in the testator’s will which provides generally that his entire net estate be set up in trust for the use, benefit, comfort and support of his widow with the remainder upon her death going to his issue. There can be no doubt from a reading of the will that the primary object *994 of the testator’s bounty was his widow and this is further borne out by the broad discretionary powers given to the trustees to invade the trust principal for the benefit of the widow. Uncontrolled discretion is given to them to allocate distributions or dividends of any kind between principal and income. These factors as well as prior decisions and the present Principal and Income Act (Personal Property Law, art. 2-A, § 27-a) must be considered in determining whether the allocation proposed by the executors to wit, 90% of the receipts to income and 10% to principal, is equitable and proper (Restatement, Second, Trusts, § 236, subd. [e]).
The asset in question is a “ wasting asset” (Restatement, Second, Trusts, § 239, subd. [a]), and in dealing with such assets our courts have evolved general rules of law governing their disposition. Payments received from such assets partake of the nature of principal and income and must, therefore, be apportioned between principal and income (Matter of Elsner, 210 App. Div. 575). In New York the apportionment decreed has depended upon the application of equitable principles to the facts at hand. This general rule of law has been codified in the present Income and Principal Act (Personal Property Law, art. 2-A) and finds its expression in particularity with reference to the problem at hand in section 27-a (subd. 1, par. [c]) and 27-j of the Personal Property Law. The sections referred to state in effect that a trust must be administered in accordance with the terms of the trust instrument with due regard to the interests of both the income beneficiaries and remaindermen, and, lacking specific direction, ‘ ‘ in accordance with what is reasonable and equitable in view of the interests of those entitled to income as well as those entitled to principal and in view of the manner in which men of ordinary prudence, discretion and judgment would act in the management of their own affairs.” In Matter of Hopkins (171 Misc. 910) the court found that the receipts from wasting assets were entirely payable to the income beneficiary. In Matter of Hart (193 Misc. 884) the court in a very similar fact situation which also involved royalty payments received from AS CAP, approved an allocation of such payments of 10% to principal and 90% to income while at the same time decreeing an allocation of other 1 ‘ wasting assets” of 25% to principal and 75% to income.
Under the terms of the will and the circumstances here shown this court is of the opinion that the proposed allocation is fair and equitable and therefore directs that the trustees, in making distribution of the royalty payments received from ASCAP, allocate such payments in that manner. The fee of the attorneys *995 for the executors is fixed in the amount requested and the executors are authorized to abandon the worthless securities. By reason of the death of the executor and trustee, Ernest T. McQuade, the application for the appointment of the successor trustee named in the will is granted.