**In the Matter of the ESTATE OF Adolph DEUTSCH, Deceased.**

**Allan Edward DEUTSCH, Appellant,**

v.

**Helen DEUTSCH, Executrix of the Last Will and Testament of Adolph Deutsch, Deceased, Appellee.**

No. 5599.

Supreme Court of Wyoming.

May 4, 1982.

K. W. Keldsen, Rawlins, for appellant.

Steve D. Noecker, Johnson, Noecker & Noecker, Rawlins, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

BROWN, Justice.

This is an appeal from a decree of distribution under the terms of a will. Appellant Allan Deutsch contests the trial court's conclusion that none of decedent Adolph Deutsch's estate could be used to satisfy Allan Deutsch's bequest under the will. Appellee Helen Deutsch was executrix of the will and the only other beneficiary.

We will reverse.

I

Adolph Deutsch's will gave $15,000 to his son Allan Deutsch. The testator died in January, 1980. The total value of decedent's estate in Wyoming was $135,255.55,

consisting of various personal belongings worth $1,000 and decedent's membership in the American Society of Composers, Authors, and Publishers (ASCAP), including the right to receive royalties and including royalty receipts on copyright property. The membership and the royalty receipts from after the date of death but before distribution were valued at $134,255.55, as shown in the appraisal of estate assets filed August 28, 1980. Royalty receipts accrued after the testator's death but before distribution accounted for $37,893.47 of that figure.[1]

The trial court found, and we agree, that Allen Deutsch received a general pecuniary bequest and that he was therefore a general pecuniary legatee. A general bequest is a gift of a certain amount, usually without any source pointed out from which the amount is to be paid. If there is a fund pointed out for payment of the general bequest and that fund fails, resort may be had to the general assets of the estate. *State v. Underwood*, 54 Wyo. 1, 86 P.2d 707 (1939).

The trial court also found that there were no assets in the estate which could be used to satisfy the bequest. The inference we draw is that the trial court found that the testator intended to leave $15,000 to Allan Deutsch if there was $15,000 available at the time of testator's death, but that any money which was in the estate at the time of distribution was not to be used to satisfy the bequest if that money had accrued after the testator's death. We do not think that was the testator's intent.

The testator's intent must govern in the construction of a will. Courts approach the problem of construing a will with the prima facie assumption that the testator in drawing and executing his will had a purpose which was clear, definite and consistent throughout. They will try to find this intent by construing every part of the will with reference to every other part, so that

---

1. Some of these receipts were probably earned before the testator's death and not distributed until afterward. The record does not contain the information concerning when the receipts were earned, although appellant below requested in a subpoena duces tecum that appellee produce such information.

the court will construe the will as a whole and will give effect to every provision of the will, if possible. *Kortz v. American National Bank of Cheyenne*, Wyo., 571 P.2d 985 (1977).

■ If two constructions are possible to a clause of a will, one of which is in harmony with provisions of the rest of the will, and the other of which is at variance with them, the court will assume that the correct construction is the one which will harmonize this clause with the rest of the will. *White v. Wyoming National Bank of Casper*, Wyo., 368 P.2d 960, 100 A.L.R.2d 1044 (1962). The residuary clause containing the bequest to Helen Deutsch could be construed two ways. The clause said:

"To my beloved wife, Helen Deutsch, I give, devise and bequeath all the rest of my property, both real and personal, including succession to my membership in the American Society of Composers, Authors and Publishers (A.S.C.A.P.), including the rights to receive royalty distributions from the American Society of Composers, Authors and Publishers."

■ Helen Deutsch contends on appeal that this gift to her was a specific bequest. A specific bequest, although incapable of precise definition, is a bequest of a specific article of the testator's estate, distinguished from all others of the same kind. *State v. Underwood*, supra. The testator intends that the beneficiary will receive that specific article from his estate. In the absence of a provision to the contrary in a will, a specific bequest also carries accretions accrued after the testator's death. 6 Bowe-Parker: Page on Wills, § 59.15 (1962). Helen Deutsch contends, then, that the testator intended that she receive the ASCAP membership and royalties intact and that anything which derived from the ASCAP

membership, because it was a specific bequest, could only be used to satisfy the bequest to her.

■ The person asserting that a bequest is specific has the burden of proof. *State v. Underwood*, supra. Courts are not inclined to favor a specific bequest unless the language is clear and unequivocal and plainly evidences an intent to create a specific gift. The question is one of intent, to be gathered from the language used in creating the bequest, in the light of the circumstances of the testator and the property which he is disposing of in the will.

Appellee argues that where the residuary clause specifically identifies a peculiar asset, such bequest is generally treated as a specific bequest. Other cases we have found hold just the opposite. They hold that while it is possible to include a specific devise or bequest in a residuary clause, the testator's intention to accomplish that result cannot be deduced merely from the use of language which includes particular property as part of the residuary estate. The cases all hold that the intention must be deduced from an examination of all the clauses of the will.[2]

■ We hold here that the bequest to Helen Deutsch was a general bequest. The language of the bequest did not plainly and unequivocally show an intent to create a specific gift. If we were to construe this bequest to be specific, we would not be giving effect to every provision of the will. We would be allowing the bequest to Helen Deutsch at the expense of the gift to Allan Deutsch. By construing the gift to Helen Deutsch to be general, we harmonize that clause with the rest of the will. Allan Deutsch will receive his bequest of $15,000, and Helen Deutsch will receive her bequest of the residue of the estate. It would have

2. See *Henderson v. First Nat. Bank of Rome*, 189 Ga. 175, 5 S.E.2d 636, 128 A.L.R. 816 (1939); *Feder v. Luster*, 54 Ill.2d 6, 294 N.E.2d 293 (1973); *Nagel v. Wilcox*, 104 Ohio App. 534, 5 Ohio Opin.2d 267, 150 N.E.2d 667 (1957); *Rhode Island Hospital Trust Company v. Votolato*, 102 R.I. 467, 231 A.2d 491, 30 A.L.R.3d 1299 (1967); *In re Smith's Will*, 235 Wis. 66, 292 N.W. 443 (1940).

Other cases cited in Annotation 72 A.L.R.2d 1170, § 4 (1960) have concluded that when the residuary clause is phrased as the one is in the will here, using the word "including," the gift is still general and not specific. We do not mean to say, however, that such an interpretation would always result, since the final interpretation still rests on the testator's intent.

been useless for Mr. Deutsch to have provided for a monetary bequest to his son if he did not intend to have the property in his estate at the time of distribution be used to satisfy the bequest, and a testator will not be presumed to do a useless thing. *Alamo National Bank of San Antonio v. Hurd*, Tex.Civ.App., 485 S.W.2d 335 (1972).

## II

The trial court did not reach the issue of whether the bequest to Helen Deutsch was specific or general. It found that the testator intended to leave $15,000 to Allan Deutsch, but that there were no assets which could be used to satisfy the bequest because the estate consisted only of the ASCAP royalty receipts accrued after the testator's death but before distribution, and a small amount of other personal property. The trial court characterized these receipts as income and applied § 2–3–605(b)(ii), W.S.1977:

"(b) Unless the will otherwise provides, income from the assets of a decedent's estate after the death of the testator and before distribution * * * shall be determined in accordance with the rules applicable to a trustee under this act and distributed as follows:

\*      \*      \*      \*      \*      \*

"(ii) To all other legatees and devisees, *except legatees of pecuniary bequests not in trust*, the balance of the income * * *." (Emphasis added.)

█ We have already held that it was the testator's intent to have Allan Deutsch first receive $15,000 and that Helen Deutsch would then receive the rest of the estate, so that this statute would not apply even if the royalties were all income. For clarification, though, and because the statute was interpreted improperly, we want to point out that these royalties are a property right which attach to and become part of a copyright. *In re Estate of Latouche*, 23 Misc.2d 14, 198 N.Y.S.2d 489 (1960). A copyright has a limited duration, however, and royalties are not generally received once a copyright has expired. For that reason, royalties are wasting assets subject to depletion.

" * * * Wasting property includes such property as leasehold interests; royalties; patent rights; interests in things the substance of which is consumed such as mines, oil and gas wells, quarries and timber lands; interests in things which are consumed in the using or are worn out by use * * *." III Scott on Trusts, § 239, pp. 2032–2033 (Third Ed. 1967).

Royalty payments from musical compositions are wasting assets. *In re Estate of Pryor*, 51 Misc.2d 993, 274 N.Y.S.2d 427 (1966). Payments received from wasting assets partake of the nature of principal and income and, according to our statutes, must be apportioned between principal and income. These statutes apply if one beneficiary is to receive income and the other is to receive principal, or if the property is to be held in trust eventually to go to a remainderman, as happens during probate. Section 2–3–611, W.S.1977, provides:

" * * * [I]f the principal consists of property subject to depletion, including * * * royalty rights * * *, receipts from the property not in excess of five percent (5%) per year of its inventory value are income, and the balance is principal."

We are speaking, then, of two types of personal property—principal and income. Section 2–3–605(b)(ii), supra, directs that income received after death but before distribution does not go to a general pecuniary legatee unless the will otherwise provides. A general pecuniary legatee may have his bequest satisfied from the principal, however, because it is property which is a separate asset of the estate. Even if the testator here had intended that only the assets which were in the estate at the time of his death were to be used to satisfy the bequest to Allan Deutsch, there still would have been assets available in the form of principal.

█ Because of the nature of the ASCAP membership, there was probably also another asset available at distribution to satisfy the bequest to Allan Deutsch. ASCAP is an unincorporated association. It appears that members usually assign to it

the right of public performance for profit to any musical composition of which such member is the copyright proprietor or in which they may thereafter have any right, title, or interest. *Hotel Edison Corp. v. Taylor*, 295 N.Y. 581, 64 N.E.2d 284 (1945). ASCAP then supposedly makes a prescribed distribution of the proceeds among the membership. *Gem Music Corp. v. Taylor*, 294 N.Y. 34, 60 N.E.2d 196 (1945). Apparently, then, right to membership in ASCAP is in itself an asset of the estate, one which can be bequeathed, and which the testator here did bequeath, as personal property. We are hampered in characterizing the membership as a separate asset because the record did not contain a copy of the membership agreement or any of the royalty papers, even though appellant had requested that the royalty papers be produced before the distribution.

Here, the testator intended to give $15,-000 to Allan Deutsch to be satisfied out of the aforementioned assets. He also intended that the residue of the estate, including the ASCAP membership and the right to receive royalties, go to Helen Deutsch. We therefore reverse and remand to the district court for action consistent with this opinion.