OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 There is support in the record for the findings of the courts below that plaintiff board of managers acted in bad faith and without basis in law when it refused defendants’ request for permission to alter the building’s structure so as to connect defendants’ existing basement garage to an affiliated basement garage in an adjacent building
 
 (see, Humphrey v State of New York,
 
 60 NY2d 742, 743-744). We also agree with the Appellate Division’s conclusion that defendants are not entitled to recover their attorneys’ fees from the individual board members whose alleged misconduct purportedly led the board to bring this action against them.
 

 Under the "American rule,” to which this State adheres
 
 (see, e.g., Chapel v Mitchell,
 
 84 NY2d 345), the prevailing litigant ordinarily cannot collect its reasonable attorneys’ fees from its unsuccessful opponents
 
 (see, Alyeska Pipeline Co. v Wilderness Socy.,
 
 421 US 240, 247;
 
 Hooper Assocs. v AGS Computers,
 
 74 NY2d 487, 491). Contrary to defendants’ contentions, the narrow exception that has previously been recognized where recovery is sought from a third-party wrongdoer is inapplicable in these circumstances
 
 (see, Shindler v Lamb,
 
 25 Misc 2d 810,
 
 affd
 
 10 AD2d 826,
 
 affd
 
 9 NY2d 621). Whatever the proper scope of that exception, it is unavailable where, as here, the purported "third-party” wrongdoer is, either legally or as a practical matter, the same as the claimant’s opponent in the main action. Although an unincorporated association and its individual board members may be conceptually separated for some legal purposes
 
 (see, e.g., Gem Music Corp. v Taylor,
 
 294 NY 34;
 
 Polin v Kaplan,
 
 257 NY 277;
 
 McCabe v
 
 
 *886
 

 Goodfellow,
 
 133 NY 89), no such separation is possible in this case, where the alleged third-party wrongdoers, all individual board members, committed the claimed wrong in their capacities as managers of the association that initiated the main action.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, without costs, in a memorandum.