■ Chicago Title Insurance Company, Appellant, v Terrence Theophilus LaPierre, Respondent. [33 NYS3d 397]—

In a subrogation action, inter alia, to recover damages pursuant to Executive Law § 135 for misconduct by a notary public, the plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated November 27, 2013, which denied its motion, in effect, pursuant to CPLR 4401 for judgment in its favor as a matter of law in the principal sum of $103,125.24.

Ordered that the order is affirmed, with costs.

In this subrogation action, the plaintiff seeks to recover the principal sum of $103,125.24, for attorneys' fees and costs allegedly incurred by reason of the defendant's notarial misconduct in violation of Executive Law § 135. Following a prior appeal to this Court (see Chicago Tit. Ins. Co. v LaPierre, 104 AD3d 720 [2013]), the plaintiff moved, in effect, pursuant to CPLR 4401 for judgment in its favor as a matter of law in the principal sum of $103,125.24. The Supreme Court denied its motion. We affirm.

The "American Rule," which is followed in New York, is that "[a]n attorney's fee is merely an incident of litigation and is not recoverable absent a specific contractual provision or statutory authority" (Levine v Infidelity, Inc., 2 AD3d 691, 692 [2003]; see Mount Vernon City School Dist. v Nova Cas. Co., 19 NY3d 28, 39 [2012]; Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]; 214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty, 99 AD3d 988, 990 [2012]; Gorman v Fowkes, 97 AD3d 726, 727 [2012]). Here, while Executive Law § 135 provides, in relevant part, that "[f]or any misconduct by a notary public in the performance of any of his [or her] powers such notary public shall be liable to the parties injured for all damages sustained by them," the plain language of the statute does not explicitly permit recovery of attorneys' fees and costs. Even if this statute could "arguably support an implied right" to those fees and costs, the public policy of the American Rule "militate[s] against adoption of that interpretation" (Baker v Health Mgt. Sys., 98 NY2d 80, 88 [2002]; see 214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty, 99 AD3d at 990).

We note that to the extent that the Supreme Court determined that a narrow exception to the American Rule as set forth in Shindler v Lamb (25 Misc 2d 810 [Sup Ct, NY County 1959], affd 10 AD2d 826 [1960], affd 9 NY2d 621 [1961]) may permit recovery of certain attorneys' fees and costs, that exception is inapplicable herein (see Hunt v Sharp, 85 NY2d 883, 885 [1995]; Chase Manhattan Bank v Each Individual Under-

*writer Bound to Lloyd's Policy No. 790/004A89005*, 258 AD2d 1, 5-6 [1999]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the plaintiff's motion, in effect, pursuant to CPLR 4401 for judgment in its favor as a matter of law in the principal sum of $103,125.24. Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.